IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL RAMOS MARTINEZ,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 11-1356 (PG)
(CRIMINAL 01-057(PG))

**OPINION AND ORDER**

Petitioner in this proceeding brought under 28 U.S.C. § 2255 entered a plea of guilty to a violation of 21 U.S.C. § 846 on April 23, 2002. (Crim. No. 01-057 (PG), Docket No. 350). He was sentenced to a term of imprisonment of 120 months, the statutory minimum, and judgment was entered accordingly on September 30, 2002. (Crim. No. 01-057 (PG), Docket Nos. 450, 451). Petitioner appealed (Crim. No. 01-057 (PG), Docket No. 519), which appeal was then dismissed on February 2, 2003 for lack of prosecution. (Crim. No. 01-057 (PG), Docket No. 582). No petition for a writ of certiorari was filed within ninety days. See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003). Judgment thus became final on May 7, 2003. See Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072 (2003); Derman v. United States, 298 F.3d 34, 40-42 (1st Cir. 2002).

Petitioner argues in his motion that defense counsel was ineffective in failing to recognize that he was being subjected to double jeopardy, thus resulting in

CIVIL 11-1356 (PG)                                        2
(CRIMINAL 01-057 (PG))

petitioner's receiving sentences totaling 520 months for the same offense.  He also stresses that at sentencing, defense counsel failed to stress diminished mental capacity as supported by medical records and family history.

On May 12, 2011, the government filed a response in opposition to the petitioner's motion arguing basically that it should be summarily denied because it is untimely.   In an abundance of caution and diligence, the government also addresses the merits of the petition and clearly shows that petitioner was not subjected to double punishments based on the same offense.  (Docket No. 3.) Indeed, as explained to petitioner at sentencing, there can be no jeopardy without a prior conviction, and there was no prior conviction at the time of sentence.  The diminished mental capacity argument fails because petitioner was sentenced to the statutory minimum.  Ultimately, however, the government relies on the procedural history and concludes that the petition was filed years late.  I agree.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief.  See Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).  Clearly, the present petition was filed well over a year from the date petitioner's sentence became final and unappealable.

In its pertinent part, section 2255 reads:

CIVIL 11-1356 (PG)                                        3
(CRIMINAL 01-057 (PG))

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

It is pellucidly clear that petitioner's motion and supporting memorandum reveals no circumstances which would equitably toll the limitations period of the statute. See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011). *A fortiori*, one is forced to conclude that petitioner's claim is time-barred. See Trenkler v. United States, 268 F.3d 16, 24-27 (1st Cir. 2001).

In view of the above, the Motion to Vacate, Set Aside or Correct Sentence is denied, and this action is dismissed with prejudice. Petitioner's request for an evidentiary hearing to develop his argument is also denied. The Clerk will enter judgment dismissing this action.

CIVIL 11-1356 (PG)                                        4
(CRIMINAL 01-057 (PG))


    Based upon my reasoning above, no certificate of appealability should be issued in the event that Petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED.

    At San Juan, Puerto Rico, this 9th day of October, 2013.

                                  S/JUAN M. PEREZ GIMENEZ
                                  United States District Judge